UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                                              Bky No. 14-30648

John W. Kersting,

        Debtor.

_____

### NOTICE OF HEARING AND MOTION FOR
### TURNOVER OF PROPERTY OF THE ESTATE

_____

TO: THE COURT, UNITED STATES TRUSTEE, THE DEBTOR AND HIS ATTORNEY AND OTHER PARTIES IN INTEREST SPECIFIED IN LOCAL RULE 9013-3:

    1.    Patti J. Sullivan, trustee of the bankruptcy estate of the above-named debtor moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at **11:00 a.m.** on **April 29, 2014**, in courtroom 2A, at the United States Court House, Warren Burger Federal Building, 316 North Robert Street, St. Paul, MN 55101.

    3.    Any response to this motion must be filed and served by delivery not later than **April 24, 2014**, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

    4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rules 4002 and 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 7 case was filed on February 24, 2014. The case is now pending in this court.

    5.    This motion arises under 11 U.S.C. §§ 105, 521, 541, 542(a) and 704 and Bankruptcy Rule 9013 and Local Rule 6072-1. This motion is filed under Bankruptcy Rule 9014 and Local Rules 9001-1 to 9006-1 and 9013-1 to 9013-5. The chapter 7 trustee requests turnover of property of the estate in order to properly administer the bankruptcy estate.

    6.    At item 5 of the SOFA, the debtor, under penalty of perjury, stated that on December 2, 2013, the following property was repossessed, foreclosed, transferred or returned "2008 Dodge Ram 2500, 1993 Harley Davidson, 2004 Lund 17.5 ft Fisherman with Karavan trailer and 2004 Johnson 115HP motor valued at $35,000." The debtor denied, at item 14 of the

SOFA, that he held or controlled any property owned by another. Subsequent inquiry by the trustee at the § 341 meeting of creditors revealed that the debtor was still in possession of the 1993 Harley Davidson, VIN # 1HD1BNL16PY016889 (the "1993 Harley").

7. By correspondence dated March 26, 2014, attached hereto and incorporated herewith as Exhibit "A", the trustee demanded turnover of property of the estate necessary to complete case administration. Despite a written request to the debtor's attorney to surrender property, the debtor has failed to surrender and continues to withhold the 1993 Harley.

8. Now that the Trustee has discovered the transfer of the 1993 Harley was not properly perfected, and demanded turnover of that asset, the debtor's counsel has stated that debtor will seek to claim the motorcycle as exempt.

9. The debtor is required to surrender all property of the estate to the trustee under 11 U.S.C. §§ 521(3) and (4).

10. Because the debtor failed to turn over the 1993 Harley, the trustee has been unable to account for and administer all assets of the bankruptcy estate as required by 11 U.S.C. § 704.

11. In order to ensure that the debtor timely complies with any order issued by the court as a result of this motion, the trustee requests that the order be specifically made applicable to denial of the debtor's discharge under 11 U.S.C. § 727(a)(6)(A) should the debtor not promptly comply with its provisions.

12. The trustee requests the court to award her $500.00 for attorney's fees incurred in bringing this motion pursuant to 11 U.S.C. § 105(a).

13. This verified motion is based upon all of the files and records herein.

14. Pursuant to Local Rule 9013-2, a separate Memorandum of Facts and Law is submitted with this motion.

WHEREFORE, the undersigned requests an order of the court:

1. Directing the debtor to turn over to the Trustee the 1993 Harley Davidson VIN # 1HD1BNL16PY016889 within five (5) days of the entry of an order granting the trustee's motion by delivering the motorcycle to the Trustee's auctioneer Fred W. Radde & Sons, Inc. at 5545 County Road 33, New Germany, MN 55367.

2. Directing that the failure to comply with the order of the court requiring a turnover as provided for herein be grounds for denial of discharge under 11 U.S.C. § 727(a)(6)(A).

     3.     For costs and attorney fees of $500.00 incurred in connection with bringing this motion.

     4.     For such other relief as the court deems just and equitable.

**Fuller, Seaver, Swanson & Kelsch, P.A.**

Dated: April 3, 2014     By: /e/ Matthew D. Swanson
     Matthew D. Swanson   390271
     Randall L. Seaver   152882
     12400 Portland Ave. S., Suite 132
     Burnsville, MN 55337
     952-890-0888

     Attorneys for Trustee

## VERIFICATION

I, Patti J. Sullivan, chapter 7 trustee, the moving party, named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on April 3, 2014.     /e/ Patti J. Sullivan
     Patti J. Sullivan, Trustee

# Sullivan Law Firm, P.A.

Attorney at Law

1595 Selby Avenue, Suite 205
St. Paul, Minnesota 55104

Patti J. Sullivan

Jerrold J. Sullivan (1927-2005)
WM. Leslie Ulvin (1906-1976)

Telephone: (651) 699-4825
Facsimile: (651) 699-4831
E-mail: patti@mnmicro.net

March 26, 2014

*Via e-mail only*

Robert L. Kalenda
Kalenda & Associates
919 W St Germain St #2000
St. Cloud, MN  56301-3407

Re:   John W. Kersting
      Bankruptcy No. 14-30648
      Date of Filing:  02/24/14

Dear Mr. Kalenda:

As you know, I am the chapter 7 trustee in this case. Please advise your client to contact Fred W. Radde, III of Fred W. Radde & Sons, Inc. or his partner, Derek Lundeen, at the following address and phone number to make arrangements to schedule a convenient time for your client to drop off with Mr. Radde or Mr. Lundeen, the 1993 Harley Davidson motorcycle, within five (5) days from the date of this letter:

>   Fred W. Radde, III
>   5545 County Road 33
>   New Germany, MN  55367
>   (952) 446-1441 – Derek
>   (952) 353-2291 - Fred

Also, they will need the <u>original</u> title and lien release for the 1993 Harley Davidson.

If you have any questions regarding this matter, please feel free to contact me. Thank you.

Sincerely,

Patti J. Sullivan

PJS: pamc

Cc: John W. Kersting
    Fred W. Radde (via e-mail only)

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

___

In Re:                                                             Bky No. 14-30648

John W. Kersting,

        Debtor.

___

**TRUSTEE'S MEMORANDUM OF FACTS AND LAW
IN SUPPORT OF MOTION FOR TURNOVER OF PROPERTY**

---

Patti J. Sullivan, chapter 7 trustee ("Trustee"), submits the following Memorandum of Facts and Law in Support of Motion for Turnover in the above-captioned, and as grounds therefore would respectfully show the court:

FACTS

1. This chapter 7 case was filed on February 24, 2014, and is pending before this court.

2. Patti J. Sullivan was appointed as chapter 7 trustee on February 25, 2014.

3. The trustee made demand upon the debtor for turnover of property needed to administer the bankruptcy case on March 26, 2014, as shown in Exhibit "A" (attached) to the instant motion, and incorporated therein.

4. The debtor has failed to turn over the 1993 Harley Davidson motorcycle, VIN # 1HD1BNL16PY016889 ("1993 Harley"), to the trustee in response to the turnover demand.

5. The debtor continues to withhold property necessary to conclude administration of the bankruptcy case.

DISCUSSION

1. <u>Turnover of Estate Property</u>.

Bankruptcy debtors receive a substantial benefit when relieved of personal liability for repayment of unsecured obligations through discharge. In achieving a balance between the rights of debtors and their creditors, Congress has determined that debtors have an affirmative

duty to turn over non-exempt assets of the estate necessary to a complete administration of the bankruptcy case.

Sections 521(3) and (4) of the Bankruptcy Code provide in pertinent part:

> [t]he debtor shall . . .
>
> (3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;
>
> (4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under Section 344 of this title;
>
> …

The law interpreting the above sections of the Code is well settled concerning a debtor's affirmative obligation to cooperate with the trustee and to surrender estate property for case administration. See: In re: Lange, 110 B.R. 907, 909 (Bankr. D. Minn 1990); In re: Bently, 120 B.R. 712, 715 (Bankr. S.D.N.Y. 1990).

The motorcycle is identified in the debtor's statement of financial affairs as being surrendered to a creditor. See debtor's statement of financial affairs at item 5. After additional investigation by the Trustee it became apparent that the transfer of the 1993 Harley was not properly perfected. Following the Trustee's demands for turnover of the 1993 Harley counsel for the debtor notified that the debtor would be amending his schedules to claim an exemption in the 1993 Harley. The 1993 Harley is non-exempt property of the bankruptcy estate and any attempt by the debtor to now claim an exemption in that asset will be met by an objection from the Trustee.

Due to the debtor's failure to turn over the 1993 Harley, administration of this bankruptcy case has been unduly delayed. The trustee is entitled to an order requiring that the debtor turn over the 1993 Harley Davidson motorcycle, VIN # 1HD1BNL16PY016889, so the trustee can administer the estate.

2. Forfeiture of Discharge.

Under 11 U.S.C. §727 (a)(6)(A), the Code provides that if debtor refuses to comply with court orders, discharge of debts may be withheld. In this case, the Trustee requests that if the Trustee's motion is granted, the terms of the Order be applicable under 11 U.S.C. §727 (a)(6)(A) so that the debtor will have an additional incentive to perform in a timely manner.

3. Request for Fees.

The Trustee has requested that this court order the debtor to pay the Trustee the sum of $500.00 relating to the Trustee's attorney's fees incurred in bringing this motion. The debtor's failure to abide by the requirements of the bankruptcy code, and attempted concealment of the 1993 Harley have not only delayed the administration of the estate, but have now led to the Estate incurring unnecessary administrative expenses. These expenses should not be borne by the creditors, but should be imputed upon the Debtor as allowed by the Court's inherent powers under 11 U.S.C. § 105(a).

## CONCLUSION

Based upon the foregoing, the chapter 7 Trustee is entitled to an order requiring that the debtor turn over the 1993 Harley Davidson motorcycle requested herein so that she may conclude administration of the bankruptcy estate, plus attorney's fees in the amount of $500.00 for having to bring on this motion. To expedite resolution of this matter, the trustee requests that the order be designated a lawful order pursuant to 11 U.S.C. § 727 (a)(6)(A).

**Fuller, Seaver, Swanson & Kelsch, P.A.**

Dated: April 3, 2014           By: /e/ Matthew D. Swanson
                                   Matthew D. Swanson          390271
                                   Randall L. Seaver           152882
                                   12400 Portland Ave. S., Suite 132
                                   Burnsville, MN 55337
                                   952-890-0888

                                   Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                                                                                                                Bky No. 14-30648

John W. Kersting,

       Debtor.

**ORDER**

This case came before the court on the trustee's motion for an order requiring turnover of estate property.

Appearances, if any, were as noted on the record.

Based upon the files and records, and arguments of counsel,

IT IS ORDERED:

1. That the debtor shall turn over to the trustee the 1993 Harley Davidson motorcycle, VIN # 1HD1BNL16PY016889 within five (5) days of the entry of this order by delivering the motorcycle to the trustee's auctioneer Fred W. Radde & Sons, Inc. at 5545 County Road 33, New Germany, MN 55367.

2. That this order shall constitute a lawful order within the meaning of 11 U.S.C. § 727(a)(6)(A) for purposes of denying discharge should the debtor fail to comply with its terms in a timely manner.

3. That the attorney for the trustee is hereby awarded $500.00 as and for attorney fees and costs in connection with the motion for turnover. Said award shall be paid to Patti J. Sullivan, Trustee within 10 days of entry of this order.

Date:

Gregory F. Kishel
Chief U.S. Bankruptcy Court Judge